ISIDORE COHEN, PLAINTIFF-APPELLEE, v. AH KEE ET AL., TRADING AS YEE CHONG TEA COMPANY, DEFEND-ANTS-APPELLANTS.

Submitted December 21, 1922—Decided February 20, 1923.

On appeal from the District Court.

Before Justices PARKER, BERGEN and MINTURN.

For the plaintiff-appellee, *William L. Greenbaum.*

For the defendants-appellants, *George A. Henderson.*

PER CURIAM.

The printed book in this case presents mainly questions of fact which were decided by a jury and they are, therefore, outside of our cognizance, as there was conflict of evidence in respect to all of them. As to the matters of law involved, the specification filed in the case and corresponding to an assignment of errors fails to point out specific error of the trial court in such manner as to be laid hold of on review. The plaintiff, a plumber, claimed that he had been hired by oral contract to put in certain plumbing appliances for the defendants on an estimate which he says he gave of a cost between $350 and $400, that he had done the work required and demanded payment in the sum of $360, which had not been paid. The fundamental theory of the defence was that this same work had been contracted by the defendants to a general contractor for whom the plaintiff had really worked as a sub-contractor and which general contractor had been paid. This was the main issue presented to the jury, and which they evidently found in favor of the plaintiff.

Taking up the specification of determinations in point of law, the first is, in substance, that the court refused to admit in evidence a contract entered into between the appellants and Valle; secondly, that the court refused to admit in evidence receipts showing that the work done was paid for. Neither the rejected contract nor the rejected receipts are laid before us, and, consequently, we are unable to say whether or not they had any relevancy whatever to the controversy. The third is on similar lines, viz., that the court refused to admit a letter and testimony evidential of the fact that someone other than the plaintiff had undertaken to do the work. The same criticism applies, viz., that the letter is not before us, and the so-called specification does not specify what evidence was excluded.

Points four, five, six and seven were that the court failed to charge the jury on certain phases of the case, but inasmuch as it does not appear that any request to charge the

jury was on these phases, or as to what ought to be charged was submitted to the court at any time, it follows, under the well-established practice, that no error can be predicated of such failure.

Point eight is that the court unduly emphasized the plaintiff-appellee's theory of the case, which amounts to nothing more than the appellant thinks the court commented more favorably to the other side than to the appellant.

The ninth point is that the court charged that appellants were liable if the work was done, whether or not there was a contract, saying, "It does not make any difference whether defendants and plaintiff entered into a contract for the work done, which the plaintiff alleges he did." There was no exception prayed to this portion of the charge, but if it be considered on its merits, the answer is that the sentence quoted above is part of a charge which is unexceptionable, because the point discussed by the court and brought out clearly in the contest, which is not quoted, related to the liability of a party on an implied promise to pay for work which is done with his knowledge and consent, and not as a gratuity.

The last specification is another relating to the court's failure to charge the jury in reference to the relation of Nick Valle to the parties involved, and is obnoxious to the same criticism that has already been made with respect to points four to seven above.

These considerations require an affirmance of the judgment.